IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA20-107

 Filed: 3 November 2020

Office of Administrative Hearings, No. 19 OSP 03471

KAVITHA N. KRISHNAN OTD, Petitioner,

 v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent.

 Appeal by petitioner from order entered 12 December 2019 by Administrative

Law Judge J. Randolph Ward in the Office of Administrative Hearings. Heard in the

Court of Appeals 25 August 2020.

 Dysart Willis Houchin & Hubbard, by Meredith Woods Hubbard, for petitioner-
 appellant.

 Attorney General Joshua H. Stein, by Assistant Attorney General William
 Walton, for respondent-appellee.

 DIETZ, Judge.

 In this state employee grievance proceeding, the administrative law judge, on

the judge’s own initiative without notice to the parties, dismissed the case on the

ground that it was not timely initiated. The ALJ reasoned that, under the general

timing rules for contested cases in N.C. Gen. Stat. § 150B-23(f), the time to commence

the case began to run when the agency placed its final decision in the mail.

 Both parties argue on appeal that the ALJ’s ruling is erroneous. We agree. This
 KRISHNAN V. NC DEP’T OF HEALTH & HUM. SERVS.

 Opinion of the Court

contested case is governed by a more specific provision in the North Carolina Human

Resources Act, N.C. Gen. Stat. § 126-34.02, which states that the time to commence

a contested case runs from the employee’s “receipt of” the final agency decision.

Applying the ordinary meaning of the word “receipt,” the time to commence this

contested case began to run when the decision was delivered, not when the agency

placed it in the mail. We therefore reverse the ALJ’s order and remand this case for

further proceedings.

 Facts and Procedural History

 Kavitha Krishnan worked at a development center operated by the North

Carolina Department of Health and Human Services. In 2019, Krishnan’s employer

placed her on leave while it pursued an investigation for “unacceptable personal

conduct and/or unsatisfactory job performance resulting from an allegation of

violation of informed consent regulations.” Krishnan resigned while this

investigation was ongoing. The day after she resigned, Krishnan submitted a pro se

employment complaint alleging unlawful retaliation and workplace harassment.

 On 17 May 2019, Krishnan received a letter from DHHS sent by certified

United States mail. The letter stated that Krishnan’s grievance had been dismissed

and the matter administratively closed. The letter also provided information about

further review through a contested case proceeding.

 On 17 June 2019, Krishnan filed a petition for a contested case hearing. The

 -2-
 KRISHNAN V. NC DEP’T OF HEALTH & HUM. SERVS.

 Opinion of the Court

administrative law judge assigned to the case later entered an order dismissing the

case on the ground that the petition commencing the proceeding was untimely. The

ALJ raised this issue on the judge’s own initiative without providing the parties with

an opportunity to address the timeliness of the petition. Krishnan appealed the ALJ’s

order to this Court.

 Analysis

 Krishnan argues that the ALJ erroneously dismissed this contested case on

the ground that the petition was not timely filed. The Department of Health and

Human Services concedes that the ALJ erred. We agree.

 In the order of dismissal, the ALJ determined that “[i]n the course of

considering the merits of the parties’ arguments . . . it has become apparent that the

Petitioner failed to timely file her Petition for a contested case hearing in this matter.”

The ALJ noted that “Petitioner was given notice of the Respondent’s final agency

decision and of her right to appeal to the Office of Administrative Hearings by

certified letter dated May 14, 2019” which was “placed in an official depository of the

United States Postal Service” the following day. The ALJ also noted that Krishnan’s

petition “was filed on June 17, 2019.” The ALJ then determined that, because the

petition “must be filed within 30 days of receipt of the final agency decision” under

the applicable statute, the petition was untimely.

 That determination is erroneous. It appears that the ALJ relied on a provision

 -3-
 KRISHNAN V. NC DEP’T OF HEALTH & HUM. SERVS.

 Opinion of the Court

in N.C. Gen. Stat. § 150B-23 stating that the time to file a petition for a contested

case “shall commence when notice is given . . . by the placing of the notice in an official

depository of the United States Postal Service wrapped in a wrapper addressed to the

person at the latest address given by the person to the agency.” N.C. Gen. Stat. §

150B-23(f). Relying on this provision, the ALJ appears to have concluded that notice

was given when the agency placed the decision in the mail on 15 May 2019 and thus

the 30-day deadline to file began to run at that time.

 The flaw in this reasoning is that N.C. Gen. Stat. § 150B-23(f) is a general

statute that establishes default rules for contested case proceedings under the

Administrative Procedure Act. This case is subject to those general statutes, but also

to a more specific statute in the North Carolina Human Resources Act stating that a

“contested case must be filed within 30 days of receipt of the final agency decision.”

N.C. Gen. Stat. § 126-34.02(a).

 The words “notice” and “receipt” in these statutes mean different things.

“When examining the plain language of a statute, undefined words in a statute must

be given their common and ordinary meaning.” State v. Rieger, __ N.C. App. __, __,

833 S.E.2d 699, 701 (2019). Here, however, the word “notice” has a special statutory

definition. In ordinary usage, one would not have notice of something unless one

actually knows about it. But under Section 150B-23(f), a petitioner is deemed to have

notice of a final agency decision as soon as the agency places the decision in the mail,

 -4-
 KRISHNAN V. NC DEP’T OF HEALTH & HUM. SERVS.

 Opinion of the Court

even if it takes several days for the petitioner to receive it. N.C. Gen. Stat. § 150B-

23(f).

 By contrast, the word “receipt” in Section 126-34.02 is undefined and thus is

given its ordinary meaning. The word “receipt” means the “act of receiving something

given or handed to one; the fact of being received.” Receipt, Oxford English Dictionary

(2nd ed. 1989). So, in ordinary English usage, one is not in “receipt” of a letter when

it is mailed; receipt occurs when the letter is delivered.

 As a result of the differing meanings of the words “notice” and “receipt,” there

is a conflict between the time deadlines created by these two statutes. The more

general statute, N.C. Gen. Stat. § 150B-23(f), which applies to all contested case

proceedings, starts the time to commence a contested case on 15 May 2019, when the

agency placed its final decision in the mail. But the more specific statute, N.C. Gen.

Stat. § 126-34.02(a), which governs the time deadlines in cases involving employee

grievance and disciplinary actions, starts the time on 17 May 2019, when that

decision was delivered by certified mail.

 “Where one of two statutes might apply to the same situation, the statute

which deals more directly and specifically with the situation controls over the statute

of more general applicability.” Trustees of Rowan Tech. Coll. v. J. Hyatt Hammond

Assocs., Inc., 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985). Applying that principle

here, the statute dealing directly and specifically with employee grievances controls

 -5-
 KRISHNAN V. NC DEP’T OF HEALTH & HUM. SERVS.

 Opinion of the Court

over the broader statute addressing all forms of administrative proceedings. We

therefore agree with the parties that the time deadline in this case did not begin to

run when DHHS placed its final agency decision in the mail. Instead, it began to run

upon Krishnan’s “receipt of” the decision—that is, when that certified mailing was

delivered to Krishnan. Accordingly, Krishnan’s petition was timely and the ALJ erred

by dismissing the contested case on the ground that the petition was untimely.

 Conclusion

 We reverse the administrative law judge’s order and remand for further

proceedings.

 REVERSED AND REMANDED.

 Judges STROUD and ZACHARY concur.

 -6-